

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 19, 1961

Honorable William Hunter
District Attorney
69th Judicial District
Dalhart, Texas

Opinion No. WW-1093

Re: Whether Potter County retains
jurisdiction of a delinquent
child who moved his residence
to Dallam County where he is
alleged to have committed
another crime.

Dear Mr. Hunter:

You have requested the opinion of this Department in connection
with the above matter and have stated in your request the following:

"The child was adjudged to be delinquent in Potter
County, Texas, while he was residing in Potter County,
Texas, and placed on probation. While on probation
he moved with his family to Dallam County, Texas, and
has recently been arrested in connection with an al-
leged subsequent offense of theft. He has been re-
ferred to Potter County since he is under probation
in Potter County, and Potter County and Potter County
officials have refused to accept him stating (1) The
subsequent offense was committed in Dallam County and
(2) His home is in Dallam County and, therefore,
they have no jurisdiction over him. Under the facts
stated does Potter County have jurisdiction over the
subject for the purpose of revoking his probation or
entering such other orders as may be necessary result-
ing from the subsequent violation?"

We believe that the answer to your question is found in the re-
lated statutes. Section 5 of Article 2338-1, Vernon's Civil Statutes, is
quoted as follows:

"The Juvenile Court shall have exclusive original
jurisdiction in proceedings governing any delinquent
child, and such court shall be deemed in session at
all times.

". . .

"When jurisdiction shall have been obtained by the
court in the case of any child, such child shall continue

under the jurisdiction of the court until he becomes
twenty-one (21) years of age, unless discharged prior
thereto; such continued jurisdiction shall, however,
in no manner prejudice or constitute a bar to sub-
sequent or additional proceedings against such child
under the provisions of this Act."  (Emphasis added.)

Section 6 of Article 2338-1, V.C.S., in providing for a trans-
fer of cases from one Juvenile Court to another Juvenile Court reads as
follows:

"A transfer may be made of cases from one Juvenile
Court to another Juvenile Court where a child under
the jurisdiction of one Juvenile Court has moved from
one county to another, and where it is to the best
interest of such child so to do.  The Juvenile Court
having jurisdiction of a child may transfer the case
to the Juvenile Court of the county in which the child
is presently residing, and shall send transcripts of
records to the Judge of the other court, which shall
be filed in the office of the clerk of such court."
(Emphasis added.)

Once jurisdiction is established the Juvenile Court of the county
maintains continuing jurisdiction over such child and may enter such orders
as in its discretion are for the best interest of the child.  The court may
enter orders placing the child on probation or "commit the child to a
suitable public institution or agency or to a suitable private institution
or agency authorized to care for children; or to place them in suitable
family homes or parental homes for an indeterminate period of time, not
extending beyond the time the child shall reach the age of twenty-one
(21) years;" or "make such further disposition as the court may deem to
be for the best interest of the child, . . ."  Sec. 13, Art. 2338-1.

Section 6 of Article 2338-1, supra, is a permissive law and not
a mandatory one and as to whether or not the child should be transferred
to another Juvenile Court in another county is within the sound discretion
of the court.

Venue of the Juvenile Court is stated in Section 7-A of Article
2338, V.C.S., as follows:

"The petition referred to under Section 7 of this
Act may be filed in the Juvenile Court of the county
of residence of said child or of the county wherein
the acts constituting said child a delinquent child
were committed."  (Emphasis added.)

Article 2338-3, as amended in 1951, provides for the creation of the Court of Domestic Relations in Potter County.  From information supplied by you the subject child is under the jurisdiction of the Court of Domestic Relations for Potter County.

The Juvenile Courts and the Court of Domestic Relations are governed by the Child Welfare laws of this state and their activities are co-ordinated with that of the Texas Youth Council.  Through the co-ordinated efforts of those that have jurisdiction over a delinquent child, provisions are made in proper cases to transfer said delinquent child to a proper State Juvenile Training School.

The transfer of delinquency cases between Juvenile Courts is discussed in 19 Tex.Jur.2d 601, Delinquent Children, Sec. 52.  It is stated therein that the transfer of delinquency proceedings between Courts of Domestic Relations is also provided.

This Department has not written an opinion directly in point on your question.  However, in Opinion No. O-6149 it was said:

> "We have come to the conclusion that there is no question but that Section 7-A of Article 2338-1, supra, gives <u>exclusive</u> venue to either (1) the county of actual <u>residence</u> of the child, or (2) the county wherein the acts constituting said child a delinquent child were committed; that the venue statute in theft cases generally (Article 197, C.C.P., supra) is limited to <u>criminal prosecutions</u>; that a juvenile delinquency case is a <u>civil proceeding</u> and not a <u>criminal prosecution</u>."

We are enclosing a copy of such opinion for your information.

We, therefore, are of the opinion that the jurisdiction of the delinquent child is retained by the Potter County Juvenile Court, which court may in its discretion transfer the case to the Dallam County Juvenile Court where proceedings could be had on the alleged offense committed in Dallam County.  On the other hand the court in Potter County may retain jurisdiction for the violation of his probation and render such orders as in the circumstances are justified.

## SUMMARY

Potter County Juvenile Court, which has declared a child a delinquent, retains jurisdiction of the child who has removed to another county and violated his probation or Potter County could transfer its jurisdiction to the Juvenile Court of Dallam County, Texas.

Very truly yours,

WILL WILSON
Attorney General of Texas


By Harris Toler
Assistant Attorney General

HT/br

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Ralph R. Rash
Pat Bailey
Watson C. Arnold
Milton Richardson

REVEIWED FOR THE ATTORNEY GENERAL
BY:  Morgan Nesbitt